WELLFORD, Circuit Judge,
concurring:
I fully subscribe to the decision of Judge Becker that the plaintiffs in this case have not met the requirements of Rule 23. I have some reservations, however, about any intimation that Congress might or should enact compensation-like statutes to deal with mass torts or that we approve any suggestion of Judge Weinstein “for a broad compensatory legal framework to give mass tort victims a means of recovery independent of tort law.” See n.17.1 concur in the observation, however, that Rule 23 might be amended to aid in the process of mass settlement in the class action context.
I am of the view, moreover, that the “futures claims” presented by certain plaintiffs, as described in the court’s opinion, do not confer standing to these exposure only plaintiffs. Plaintiffs of this type do not claim presently to suffer from any clinically diagnosable asbestos-related condition; they merely assert that they were exposed to asbestos, fibers at some time in the past. In Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), we were reminded that federal courts under the Constitution have jurisdiction to consider only real cases and controversies. Id. at 559, 112 S.Ct. at 2135. At a minimum, standing requires:
First, the plaintiff must have suffered an “injury in fact” — an invasion of a legally protected interest which is (a) concrete and particularized, see [Allen v. Wright] id. [468 U.S. 737], at 756 [104 S.Ct. 3315, 3327, 82 L.Ed.2d 556 (1984)]; Warth v. Seldin, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); Sierra Club v. Morton, 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972); and (b) “actual or imminent, not ‘conjectural’ or ‘hypothetical,’” Whitmore [v. Arkansas], supra [495 U.S. 149], at 155 [110 S.Ct. 1717, 1722, 109 L.Ed.2d 135 (1990)] (quoting Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be “fairly ... traee[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.” Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be “likely,” as opposed to merely “speculative,” that the injury will be “redressed by a favorable decision.”
Lujan, 504 U.S. at 560-61, 112 S.Ct. at 2136 (footnote omitted).
Plaintiffs bear the burden of establishing federal jurisdiction and their standing to proceed. Lujan, 504 U.S. at 561, 112 S.Ct. at 2136; FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 *636 (1990); Warth v. Seldin, 422 U.S. 490, 518, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343 (1975). I do not believe exposure only plaintiffs have demonstrated any “injury in fact” as of the time of filing. Furthermore, I would conclude that such plaintiffs have not presented a “likely” as opposed to a mere “speculative,” current injury that could be redressed at trial. The court’s decision in such a case would necessarily be conjectural at best. Fear and apprehension about a possible future. physical or medical consequence of exposure to asbestos is not enough to establish an injury in fact. I do not believe that Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978), a ease involving actual nuclear power emissions, supports the plaintiffs’ position. The case, moreover, did not contain claims for money damages. Nor does Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), constitute precedent on which these plaintiffs can rely to support standing. Helling involved a plaintiff who was continuously exposed to tobacco smoke in limited quarters and claimed that he had certain health problems caused by exposure to cigarette smoke and that he feared further injury if he continued to be exposed involuntarily to this hazard. Id. at 28, 113 S.Ct. at 2478. Standing was not discussed by the Supreme Court, nor by the court of appeals (see McKinney v. Anderson, 924 F.2d 1500 (9th Cir.1991)), presumably because the plaintiff claimed present injury.
In re “Agent Orange” Products Liability Litigation (Ivy v. Diamond Shamrock Chemicals Co.), 996 F.2d 1425, 1434 (2d Cir.1993), cert. denied, — U.S. -, 114 S.Ct. 1125, 127 L.Ed.2d 434 (1994), may suggest to the contrary, but I would adopt here a prudential limitation on standing, under these particular circumstances, as to exposure only plaintiffs who have not yet manifested a distinct and palpable injury-in-fact. See John C. Coffee, Jr., Class Wars: The Dilemma of the Mass Tort Class Action, 95 Col. Law Rev. 1343, 1422-1433 (1995). I do not intimate that prudence would always preclude any and all suits by “future claimants” who have been exposed to some calamitous occurrence or substance. This view in this case is supported by the testimony of the plaintiffs themselves. The exposure only class representatives admitted under oath that they would not have continued with the litigation in the absence of a settlement. Robert Geor-gine responded to questioning:
Q. Have you ever gone to a lawyer for your own personal reasons to file a claim for yourself?
A. No.
Q. —for asbestos related injury?
A. No.
Q. And why is that?
A. I haven’t had a problem.
Q. Is that still true today? That you haven’t had a problem?
A. Well, I don’t — I breathe normal — I don’t have any problems that I’m aware of. That’s not to say that one can’t develop.
Q. Oh, I understand that.
A. Okay.
Q. And God forbid, I hope nothing ever does develop, but until you develop an asbestos-related problem, you have no intention of filing a lawsuit for damages, do you?
A. Other than the present — present case?
Q. Well, in the present case, do you believe that the asbestos companies owe you money? M-O-N-E-Y.
A. Owe me personally?
Q. Yes.
A. I believe that if there was anything that happened to my lungs that was asbestos-related, that they would owe me money, yes.
Q. But as of today, nothing has happened to your lungs that’s asbestos-related that you know of?
A. For myself, that’s right.
Q. As you sit here today, you are not suffering any emotional distress because you might come down with an asbestos—
A. No, I am not. I am not.
J/A 1204-06 (emphasis added). At the fairness hearing, Ambrose Vogt testified similarly:
Q. Now, prior to your participation in this class action, you had never consulted *637 with a lawyer for the purpose of filing a claim as a result of your asbestos exposure, isn’t that right?
A. Yes.
Q. You testified under oath on January 12th, 1994, that you were not seeking money damages at the time that you agreed to be a class representative in this case, and at the time that the lawsuit was filed? You testified that way under oath then, isn’t that correct?
A. Yes.
Q. And that was true then, is that right?
A. Yes.
Q. And it is true today, it is not, you are not seeking money damages today?
A. Not today, no.
Id. at 1280-81. At his deposition, class representative Ty Annas also made clear that he would not have brought suit had it not been for the settlement. Id. at 1179. On cross-examination, Annas stated:
Q. As of today, can you think of any out-of-pocket loss that you’ve had as a result of your exposure to asbestos?
A. Not from mine.
Q. So, Mr. Annas, would it be fair to say that you don’t believe you’ve lost any money at all as a result of your exposure to asbestos?
A. No, sir.
Q. So you, on January 15, 1993, had no interest in recovering money for yourself from the asbestos companies; is that right?
A. Yes.
Id. at 1178-79. At the fairness hearing, Mr. Annas reiterated even more clearly that he did not seek damages of any kind from the CCR defendants:
Q. At deposition you testified that as of January 15th, 1993 that you hadn’t authorized anybody to sue for money for yourself because of your asbestos exposure, is that right?
A. That’s right.
Q. And that is correct today?
A. Yes, sir.
Q. And when you appeared at deposition, you testified I believe that you got involved in this case in order to help to get the case resolved and to help people before the money runs out, is that correct?
A. That’s my statement.
Q. If they’re [people exposed to asbestos] not impaired they should receive no compensation whatsoever?
A. That’s my feelings.
Id. at 1269-72. Representative plaintiffs Timothy Murphy and Carlos Raver also stated emphatically that they were not seeking damages of any kind at the time the complaint was filed. At his deposition, Murphy testified as follows:
Q. Let’s go back, let’s say, a month in time, prior to the communication that you had with Mr. Weingarten [counsel for Greitzer & Locks] three or four weeks ago. Before that communication, did you know what it was that you were claiming in this lawsuit?
A. I know what I — that I claimed that I was occupationally exposed to asbestos over a long period of time.
Q. Did you know that you were claiming money damages?
A. No.
Q. To this day, do you believe you are claiming money damages in this case?
A. No.
Q. So you are not seeking any recovery in terms of money damages in this case; is that right?
A. No. Not at this time.
Id. at 1124 (emphasis added). Raver testified to the same effect:
Q. Did you conclude in 1991, sir, that based on your physical condition at that time that you, in your words, didn’t deserve any money and didn’t need any money? Was that a decision that you made?
A. Yes, sir.
Q. When you filed this lawsuit, the one that was filed in January of 1993, at the time that you filed the lawsuit, had you decided that based on your condition at that time that you didn’t deserve any money and didn’t want any money at that time?
*638 A.' That’s true, sir. I didn’t want any money at that time. Still don’t want any money.
Id. at 1147-49. These representative plaintiffs clearly conceded at the fairness hearing that, absent the settlement, they did not intend to pursue the claims in the class complaint. They claimed no damages and no present injury. I would hold, accordingly, that the exposure only plaintiffs had no standing to pursue this class action suit.
I concur in the court’s decision to reverse the district court, vacate the order certifying the plaintiff class, and remand with instructions to vacate the injunction. I would also hold further that exposure only plaintiffs have no standing to pursue their claims.
Present: BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE, SAROKIN, Circuit Judges and WELLFORD,[1] District Judge.